IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREYK L. MORRIS, | : | |
| **Plaintiff** | : | |
| | : | No. 2:21-CV-1338 |
| v. | : | |
| | : | Judge Eddy |
| SUPERINTENDENT MICHAEL ZAKEN, DEPUTY STEPHEN BUZAS, CAPTAIN KENNEDY, MAJOR SWITZER, CAPTAIN KINTEMYER, LIEUTENANT JUAREZ, C/O 1 FERGUSON, C/O 1 STEWART, SECRETARY JOHN E. WETZEL, JOHN/JANE DOES 1-3 *and* DEPUTY MARK DIALESANDRO, | : : : : : : : : | Electronically Filed Document |
| **Defendants** | : | |

**DEFENDANT FERGUSON'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Corrections Officer Joshua Ferguson ("Defendant Ferguson"), by and through his counsel, hereby files this Brief in Support of His Motion to Dismiss:

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dereyk L. Morris ("Plaintif") is an inmate at SCI-Greene. Compl., ¶3. Plaintiff alleges that he has been confined to the restricted release list ("RRL") for over three years, despite allegedly having no misconduct reports or infractions. Compl., ¶53. His Complaint arises from an incident which took place on April 30, 2021. Compl., ¶17. On that date, Plaintiff alleges that he and several other inmates were outside using the recreational yard when another inmate, Devon Smith, got into a verbal altercation with several correctional officers, including Defendants Stewart, Ferguson, and Addamson. Compl., ¶18. The dispute allegedly continued as inmate Smith moved inside the facility, at which point Defendant Ferguson discharged a canister of oleoresin capsicum spray ("OC spray") on inmate Smith. Compl., ¶28. When Plaintiff and other inmates verbally protested and threatened to file written grievances, Defendant Ferguson allegedly used

1

the OC spray on Plaintiff and others. Compl., ¶¶29-30. At this time, other corrections officers arrived to assist with controlling the scene and tending to inmate Smith, before providing assistance to Plaintiff and others who had been allegedly hit with the OC spray. Compl., ¶¶37-39. At this time, Plaintiff alleges that he informed Defendant Juarez and medical staff that he wanted to file a formal abuse allegation against Defendant Ferguson. Compl., ¶40. A strip search was then allegedly performed upon Plaintiff because of reports that inmate Smith had an item of contraband (a bottle) while at yard. Compl., ¶¶41, 42, 43, and 47. After the incident, Plaintiff allegedly filed written complaints for violations of prison policies. Compl., ¶51.

Based upon his long-term placement on the RRL, the events of April 30, 2021, and the alleged failure of individuals in higher positions to properly train or supervise certain Defendants, Plaintiff has now brought a ten count complaint ten individual defendants and three John Doe defendants alleging various constitutional violations as well as state law tort claims. All other Corrections Defendants, aside from John Does 1-3[1] and Defendant Ferguson, moved to dismiss many of the claims and Defendants on or about March 4, 2022.[2] ECF 22 and 23. With respect to Defendant Ferguson, Plaintiff has asserted the following claims against him: (1) First Amendment retaliation; (2) Eighth Amendment excessive force; (3) Fourteenth Amendment due process; (4) Assault and battery; (5) Intentional infliction of emotional distress; (6) Conspiracy; and (7) Negligence.

---

[1] Undersigned counsel does not represent the John Doe 1-3 Defendants.

[2] At the time of filing that Motion to Dismiss and accompanying Brief in Support, Defendant Ferguson had not been served in the case and undersigned counsel had not been engaged to represent Defendant Ferguson.

## II.     STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), the Court must "accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007) (rejecting the "no set of facts" standard).  The plaintiff must "nudge [his or her] claim across the line from conceivable to plausible" in order to survive a motion to dismiss. Phillips, 515 F.3d at 234, citing Twombly, 127 S.Ct. at 1974.  This plausibility requirement means that the complaint must provide enough factual matter to suggest the required element of the claim. Id.  In other words, it calls for "enough facts to state a claim to relief that is plausible on its face." Barber v. PSP, 2007 WL 2071896, *2 (W.D. Pa. 2007) citing Twombly at 1974.  The Court need not accept legal conclusions or inferences drawn by plaintiff if unsupported by the facts set forth in the complaint.  Barber, *2, citing California Pub. Employee Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) and Twombly at 1965; Ashcroft v. Iqbal, 556 U.S. 662 (2009).

*Pro se* pleadings are construed more liberally than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  Notwithstanding this liberality, *pro se* pleaders are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### III. ARGUMENT

#### A. Plaintiff's First Amendment Retaliation Claim Against Defendant Ferguson (Count I) Must Fail Because Plaintiff Does Not Allege He Was Engaged in Constitutionally Protected Activity

Plaintiff alleges in Count I that when he informed Defendant Ferguson that he would report Defendant Ferguson upon witnessing Defendant Ferguson's alleged assault upon inmate Smith, Defendant Ferguson retaliated against Plaintiff by telling Plaintiff to "shut up before directing his assault toward Plaintiff." Compl., ¶¶29-30, 111. Notably, the alleged retaliation did not occur following the formal filing of a grievance.

To establish a claim for retaliation, an inmate must demonstrate: (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by a prison official; and (3) that there is a causal connection between the exercise of his constitutional rights and the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Rauser v. Horn, 341 F.3d 330 (3d Cir. 2001); Davis v. Harlow, 2014 WL 4250382 at *4 (W.D. Pa. 2014); Laurensau v. Pluck, 2013 WL 4779010 at *10 (W.D. Pa. 2013). Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. Laurensau at *11 (citing Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) and Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)).

Not all communications between an inmate and a corrections officer are constitutionally protected speech. A general statement made to a prison official is not constitutionally protected conduct. Knight v. Wilson, 2014 WL 1316115 at *9 (W.D. Pa. 2014). Further, while filing a grievance is constitutionally protected activity that can give rise to a retaliation claim, the mere *threat* of filing a grievance is not constitutionally protected activity and does not satisfy the first element of a retaliation claim. Ortiz v. Baird, 2013 WL 1290555 at *8-9 (W.D. Pa. 2013); Clay

4

v. Overmyer, 2015 WL 630379 at *4 (W.D. Pa. 2015); Griffin–El v. Beard, 2013 WL 228098, at *8 (E.D. Pa. 2013). See Stewart v. Varano, 2011 WL 3585409, at * 1 (M.D. Pa. 2011); Hunter v. Bledsoe, 2010 WL 3154963, at *4 (M.D. Pa. 2010); Bendy v. Hutler, 2007 WL 87632, at * 2 (D. N.J. Jan.9, 2007), aff'd, 341 F. App'x 799 (3d Cir. 2009); see also Bridges v. Gilbert, 557 F.3d 541, 554-55 (7th Cir. 2009) ("it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance") (emphasis in original).

Here, Plaintiff has failed to allege facts sufficient to show that he was engaged in constitutionally protected activity with respect to Defendant Ferguson. At best, he alleges that he told Defendant Ferguson he would file a written grievance at some point in the future. Compl., ¶29, 111. As demonstrated by the foregoing case law, threats to file grievances are not constitutionally protected activity. Without being able to satisfy the first prong of his First Amendment retaliation claim, Count I must be dismissed as to Defendant Ferguson.

**B.     Plaintiff's Count VIII for Intentional Infliction of Emotional Distress Must Fail Because Plaintiff Has Failed to Allege Sufficiently Extreme, Outrageous, and Intentional Conduct**

In Count VIII, Plaintiff makes a claim for intentional infliction of emotional distress resting primarily on two theories. First, Defendant Wetzel and Defendants John Does 1-3 "failed to exercise reasonable care" when they placed Plaintiff on the RRL, despite allegedly knowing the potential for serious harm. Compl., ¶140.[3] Second, Plaintiff alleges that Defendant Ferguson, along with several Corrections Defendants, are liable because they "tried to circumvent or ignore the sexual harassment of Juarez, the assault by Ferguson, the investigation of both and denied his request to pursue criminal charges." Compl., ¶141. Notably, Plaintiff does not appear to be

---

[3] This theory is addressed in the Corrections Defendants' Motion to Dismiss and will not be reiterated here because it does not involve Defendant Ferguson.

making a claim that Defendant Ferguson's alleged discharge of OC spray itself constituted intentional infliction of emotional distress. Compl., ¶141.

The elements of intentional infliction of emotional distress are: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe. Doe v. Liberatore, 478 F.Supp.2d 742, 765 (M.D. Pa. 2007) (citing Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. 1997)). Plaintiff's allegations in Count VIII fail to rise to the level necessary to state a claim for intentional infliction of emotional distress with respect to Defendant Ferguson. The allegations against the Corrections Defendants, including Defendant Ferguson, merely accuse them of not doing anything about the alleged OC spray incident and the strip search, as well as a denial of a request to press criminal charges. None of this conduct can be considered "extreme and outrageous." As such, Count VIII should be dismissed as to Defendant Ferguson for failure to state a claim.

    **C.    Plaintiff's Claim for Conspiracy Must Be Dismissed Because There Are No Allegations Supporting an Express or Implied Agreement Between the Defendants**

To state a claim for civil conspiracy, a plaintiff must prove that: (1) a combination of two or more persons acted with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage. Williams v. Western Wayne School District, 2013 WL 4718920 at *8 (citing Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. 2008)). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir.1992); see also Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir.2008) (stating that a conspiracy requires a "meeting of the minds") (further citation omitted). This holding remains good law following Twombly and Iqbal, which, in the conspiracy context, require "enough factual

6

matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement." Twombly, 550 U.S. at 556.

Here, with respect to Defendant Ferguson, Plaintiff alleges that Defendants Ferguson and Stewart conspired to use excessive force through the use of OC spray. Compl., ¶144. However, Plaintiff has made no allegations from which an express or implied agreement to do any of the actions forming the basis of the conspiracy may be inferred. Specifically, the only allegations that could plausibly be construed as bearing on the issue of the existence of an agreement between Defendants Ferguson and Stewart is that they allegedly laughed and giggled immediately before and after the use of the OC spray. Compl., ¶¶27, 35. However, these allegations do not show that Defendants Ferguson and Stewart made an agreement to take any against Plaintiff. Indeed, "[t]he mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." Lawson v. City of Coatesville, 42 F. Supp. 3d 664, 685 (E.D. Pa. 2014) (quoting Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979)).

Because Plaintiff cannot satisfy the first prong of a civil conspiracy claim, Count IX should be dismissed as to Defendant Ferguson.

## IV. CONCLUSION

WHEREFORE, it is respectfully requested that this Court grant this Motion.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   *s/ Michael P. Gaetani*
MICHAEL P. GAETANI
Deputy Attorney General
Attorney ID 209407

Office of Attorney General
1251 Waterfront Place
Mezzanine Level

7

Pittsburgh, PA 15222
412.339.2310
mgaetani@attorneygeneral.gov

                                                           Counsel for Defendant Ferguson

Date:  May 31, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREYK L. MORRIS,** | : | |
| **Plaintiff** | : | |
| | : | No. 2:21-CV-1338 |
| v. | : | |
| | : | **Judge Eddy** |
| **SUPERINTENDENT MICHAEL ZAKEN, DEPUTY STEPHEN BUZAS, CAPTAIN KENNEDY, MAJOR SWITZER, CAPTAIN KINTEMYER, LIEUTENANT JUAREZ, C/O 1 FERGUSON, C/O 1 STEWART, SECRETARY JOHN E. WETZEL, JOHN/JANE DOES 1-3** *and* **DEPUTY MARK DIALESANDRO,** | : : : : : : : : : | **Electronically Filed Document** |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Michael P. Gaetani, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 31, 2022, I caused to be served a true and correct copy of the foregoing document titled Defendant Ferguson's Brief in Support of His Motion to Dismiss to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**Dereyk L. Morris, JE-0645**
**SCI Greene**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

                                         *s/ Michael P. Gaetani*
                                         **MICHAEL P. GAETANI**
                                         Deputy Attorney General