IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | | |
|---|---|---|
| DEREYK L. MORRIS, | ) | |
| | ) | |
| | ) | 2:21-CV-01338-CRE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT MICHAEL ZAKEN, | ) | |
| DEPUTY STEPHEN BUZAS, CAPTAIN | ) | |
| KENNEDY, MAJOR  SWITZER, CAPTAIN | ) | |
| KINTEMYER, LIEUTENANT  JUAREZ, | ) | |
| C/O 1  FERGUSON, C/O 1  STEWART, | ) | |
| SECRETARY JOHN E. WETZEL, | ) | |
| JOHN/JANE DOES 1-3, DEPUTY MARK | ) | |
| DIALESANDRO, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM OPINION[1]

Cynthia Reed Eddy, United States Magistrate Judge.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff and the named and served Defendants have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 3,  33,  and 50. While named and unserved defendants generally must also consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under that statute, *see Burton v. Shamp*, 25 F.4th 198 (3d Cir. 2022) (citing with approval *Williams v. King*, 875 F.3d 500 (9th Cir. 2017) and *Coleman v. Labor and Industry Review Comm'n*, 860 F.3d 461 (7th Cir. 2017)), this Court is unaware of any decision holding that consent is necessary from defendants who are both unserved and unidentified, such as the Doe defendants in this case. Courts disregard such defendants in other contexts, including contexts affecting jurisdiction. *See*, *e.g.*, 28 U.S.C. § 1441(b)(1) (providing that for removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 414-15 (D. Haw. 1996) (reaching the same conclusion for diversity jurisdiction over cases first filed in federal court). The Court therefore concludes that consent of the unserved Doe defendants in this case, specifically John/Jane Does 1-3, is unnecessary to proceed under § 636(c).

This civil action was initiated in this court on October 7, 2021, by *pro se* Plaintiff Dereyk Morris. (ECF No. 1). In his Complaint, Plaintiff asserts causes of action pursuant to the "First, Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983" as well as "state law claims of negligence, conspiracy, intentional infliction of emotional distress, and assault and battery," against Defendants Michael Zaken,[2] Stephen Buzas,[3] Mark Dialesandro,[4] Kennedy,[5] Switzer,[6] Hintemeyer,[7] Juarez,[8] Ferguson,[9] Stewart,[10] Wetzel,[11] and John/Jane Does 1-3,[12] related to incidents occurring while Plaintiff was an inmate at SCI-Greene. Complaint (ECF No. 6) at 1. This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 18 U.S.C. § 1367.

---

[2] Zaken is the Superintendent of SCI-Greene.

[3] Buzas is a Deputy Superintendent of SCI-Greene.

[4] Dialesandro is a Deputy Superintendent of SCI-Greene.

[5] Kennedy is a Captain at SCI-Greene

[6] Switzer is a Major at SCI-Greene.

[7] Hintemeyer is a security captain at SCI-Greene.

[8] Juarez is a Lieutenant at SCI-Greene.

[9] Ferguson is a corrections officer at SCI-Greene.

[10] Stewart is a corrections officer at SCI-Greene.

[11] Wetzel was the Secretary of the Department of Corrections, and he retired on October 1, 2021. Accordingly, Plaintiff concedes that any claim brought against Wetzel in his official capacity is in effect a claim against George Little, who is currently the Acting Secretary of the Department of Corrections. Defs.' Br. (ECF No. 23) at n.1; Pl.'s Br. (ECF No. 41) at 5.

[12] As discussed *supra*, these defendants are both unnamed and unserved.

Presently before the court are motions by all named and served Defendants to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF Nos. 22, 44).   For the reasons that follow, Defendants' motions are granted in part and denied in part.

## I.    BACKGROUND

This action arises primarily out of an incident that occurred on April 30, 2021.   According to Plaintiff, on that day, he and "several others" were in the recreation yard on L-Block. Complaint (ECF No. 6) at ¶ 17.   Plaintiff saw Defendants Stewart and Ferguson, along with another officer, "engaging in an intense verbal dispute" with inmate Devon Smith.   *Id.* at ¶ 18.   When some of the staff went inside, Plaintiff watched as Defendant Ferguson a "began to disperse a large pressurized canister of OC spray on the back of Smith while yelling 'Your [*sic*] not so tough now monkey are you.'" *Id.* at ¶ 28.   Plaintiff claims that he "and others" told Ferguson that he "would be written up." *Id.* at ¶ 29.   Then, according to Plaintiff, Ferguson "started to wildly spray more OC in Plaintiff's direction."[13] *Id.* at ¶ 30.   Plaintiff claims that "[a]fter emptying the entire can of OC spray on Plaintiff and those in close proximity, Defendants Ferguson and Stewart ran back into the building laughing." *Id.* at ¶ 35.   Plaintiff asserts that Defendant Juarez delayed Plaintiff's medical assessment and decontamination of the eyes for half an hour. *Id.* at ¶ 39.   Plaintiff told Juarez and the medical staff "that he was assaulted by Defendant Ferguson and wanted to make a formal abuse allegation." *Id.* at ¶ 40.   Plaintiff was then informed he was to undergo a strip search, and the strip search was performed. *Id.* at ¶ 50.   Plaintiff formally complained to Defendants Zaken, Buzos, Dialesandro, Hintemeyer, and others. *Id.* at ¶ 52.

---

[13] Plaintiff asserts that his "breathing problems … were aggravated by the spray making it feel as though he was suffocating." *Id.* at ¶ 34.

In addition to the foregoing, Plaintiff then goes on to allege that he has "been confined to the Restrictive Release List [("RRL")] for over 3 years now; even though he has maintained without exhibiting negative behaviors or incurring policy rule infractions (misconduct reports) for 3 years."[14] *Id*. at ¶ 83.  Moreover, Plaintiff asserts that the RRL "is an indefinite designation to solitary confinement which can generally only be imposed or lifted by" Wetzel.[15] *Id*. at ¶ 87. Plaintiff alleges that the review process is a sham.  In addition, Plaintiff explains that those prisoners who are on this list are deprived of a number of privileges, amounting to harsh punishment. *Id*. at ¶ 94.

Due to the foregoing, on October 7, 2021, Plaintiff filed a petition for leave to proceed *in forma pauperis* in the instant action. (ECF No. 1).  On October 18, 2021, this Court granted Plaintiff's petition the Complaint was filed. (ECF Nos. 5, 6).  All named Defendants except Ferguson were served, and on March 4, 2022, the named and served Defendants filed a motion to dismiss for failure to state a claim and brief in support thereof. (ECF Nos. 15, 22, 23). On May 4, 2022, Plaintiff filed a response to this motion. (ECF No. 41).  Subsequently, on May 10, 2022, counsel entered an appearance on behalf of Ferguson, and on May 31, 2022, Ferguson filed a motion to dismiss for failure to state a claim and brief in support thereof. (ECF Nos. 43, 44, 45).

---

[14] "The RRL was instituted by the DOC in 2004 to designate certain prisoners for indefinite solitary confinement. 'The Secretary of the DOC is the final decision maker as to whether a prisoner gets placed on the RRL, whether the prisoner remains on the RRL, and whether the prisoner is removed from the RRL.'" *Simmons v. Wetzel*, 2018 WL 10230019, at *2 (W.D. Pa. Aug. 10, 2018), report and recommendation adopted, 2018 WL 10229914 (W.D. Pa. Oct. 11, 2018) (quoting *Shoatz v. Wetzel*, 2016 WL 595337, at *10 (W.D. Pa. Feb. 12, 2016)).

[15] *See also Washington El v. Beard*, 562 F.App'x 61, 63 (3d Cir. 2014) (placement on the RRL signified that plaintiff "could be released from administrative custody only upon prior approval of the Secretary of Corrections").

On June 29, 2022, Plaintiff filed a response to this motion. (ECF No. 49). No replies have been filed, and these motions are now ripe for disposition.

## II.      STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).   Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555.   A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   "Factual allegations must be enough to raise a right to relief

above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a

cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Finally, "when a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments." *Ricoh USA, Inc. v. Bailon*, 419 F. Supp. 3d 871, 875 (E.D. Pa. 2019). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citations omitted).

## III.   DISCUSSION

As discussed *supra*, because Plaintiff is proceeding *pro se*, this Court will view the facts, complaints, and briefs as expansively as possible in assessing the claims presented by Plaintiff against Defendants.  Plaintiff has asserted numerous state law and constitutional claims against various Defendants. In considering the Constitutional claims, this Court recognizes that "[a] plaintiff raising a claim under Section 1983 must allege a violation of a right secured by the Constitution or the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Wilkins v. Berks Cty. Jail Sys.*, 2017 WL 2591943, at *4 (E.D. Pa. 2017).

### A.   Count I – First Amendment Retaliation Against Ferguson and Juarez

Plaintiff asserts that his First Amendment rights were violated when Ferguson and Juarez retaliated against Plaintiff for witnessing and reporting the assault against Smith.  Specifically, Plaintiff claims that "he informed Ferguson that [Plaintiff] would report [Ferguson] and as a result, Ferguson told Plaintiff to shut up before directing his assault toward Plaintiff." Complaint (ECF

No. 6) at ¶ 111. In addition, Plaintiff claims that after "he reported that he was assaulted and wanted to make an abuse allegation," Juarez "forced him to submit to a strip search." *Id*. at ¶ 112.

Defendants move to dismiss this claim.  Both Juarez and Ferguson contend that "Plaintiff has failed to allege sufficient facts to show that he was engaged in constitutionally protected activity." Defs.' Br. (ECF No. 23) at 8; Ferguson's Br. (ECF No. 45) at 5.

"Some government actions, not unconstitutional in and of themselves, may be constitutional torts if motivated in substantial part by a desire to retaliate for the exercise of a constitutional right." *Sims v. Piazza*, 462 F. App'x 228, 233 (3d Cir. 2012).  "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (internal citation and quotation marks omitted).  "Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." *Miskovitch v. Hostoffer*, 721 F. Supp. 2d 389, 396 (W.D. Pa. 2010).

In considering whether a plaintiff has set forth a *prima facie* case of retaliation, it is well-settled that the filing of a grievance is constitutionally protected conduct. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006).  However, merely threatening to file a grievance is not constitutionally protected activity. *See Bendy v. Hutler*, 2007 WL 87632, at *2 (D.N.J. Jan. 9, 2007), aff'd sub nom. *Bendy v. Ocean Cnty. Jail*, 341 F. App'x 799 (3d Cir. 2009) (granting defendants' motion to dismiss First Amendment retaliation claim where plaintiff "failed to allege … that he actually filed a grievance against" defendant and therefore did not engage in

constitutionally protected activity); *see also Dickerson v. Gordon*, 2015 WL 5785575, at *6 (M.D. Pa. Sept. 30, 2015) ("[T]he threat of filing a grievance is not considered protected activity. [] The protected activity is the actual filing of the grievance; it is not the intent to, or threat of, engaging in that speech.").

However, in *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016), the Third Circuit considered a similar situation where "the allegedly retaliatory conduct occurred before [the plaintiff] filed his grievance." The Third Circuit concluded that chronology does not necessarily defeat the "retaliation claim because [the plaintiff] informed prison officials of his intent to file a grievance and requested an appropriate form [] before any misconduct was filed against him." *Id.* at 422-23. The Third Circuit pointed out that "[f]or purposes of [the plaintiff's] retaliation claim, we cannot discern a substantive distinction between retaliation for informing prison officials of an intent to file a grievance or requesting the necessary forms to do so on the one hand, and actually filing such a grievance on the other."[16] *Id.* at 423. Thus, at this stage of proceedings, this Court concludes that Plaintiff's threat to file a grievance is adequate to establish the first prong of a *prima facie* case for retaliation.

Turning to the second prong of the *prima facie* case, the adverse action, it is Defendants' position that a strip search is not an adverse action, and even if it was an adverse action, it was done for proper purposes. *See* Defs.' Br. (ECF No. 23) at 8 n.3. Here, Plaintiff asserts that the strip search was done in an unusual manner inconsistent with prison policy, and the rationale for doing it was merely pretext. *See* Complaint (ECF No. 6) at ¶¶ 41-51. Because Plaintiff's facts must be assumed as true at this stage of proceedings, this Court concludes that under these

---

[16] Here, the record is not clear as to whether Plaintiff actually filed a grievance. However, that information will be available during discovery.

circumstances, Plaintiff has set forth an adequate basis for him to be entitled to discovery.  Based

on the foregoing, Defendants' motion to dismiss Count I of Plaintiff's complaint is denied.

    B.  Count III – Eighth Amendment Failure to Train and Supervise[17]

In Count III, Plaintiff asserts that his Eighth Amendment rights were violated by

Defendants Zaken, Buzas, Dialesandro, Kennedy, Hintemeyer, and Juarez, for failing to

adequately train and/or supervise "Ferguson on policy DC-ADM 201 pertaining to the use of

force." Complaint (ECF No. 6) at ¶ 118.  Plaintiff also asserts an Eighth Amendment failure to

train and/or supervise claim against Zaken, Buzas, Dialesandro, Kennedy, and Hintemeyer for

failing to "properly train and supervise Defendant Juarez on both the DC-ADM 203 and DC-ADM

008 policies." *Id*. at ¶ 120.  In bringing this claim, Plaintiff asserts that Defendants failed to train

and supervise Ferguson and Juarez prior to this incident, and he also asserts that once Defendants

knew about this lapse in training and supervision, these Defendants failed to remedy the problem.

> To establish a Section 1983 claim for failure to train and supervise
> employees, a plaintiff must (1) identify with particularity what the supervisory
> officials failed to do that demonstrates deliberate indifference and (2) demonstrate
> a close causal link between the alleged failure and the alleged injury. *Sample v.
> Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989). As the Supreme Court has stated, the
> "inadequacy of ... training may serve as the basis for Section 1983 liability only
> where the failure to train amounts to deliberate indifference to the rights of the
> persons with whom the [official] ... come[s] into contact." *City of Canton v. Harris*,
> 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Deliberate indifference
> may be established where the need for more or different training is obvious, such
> as where the failure to train has caused a pattern of violations. *See e.g. Berg v.
> County of Allegheny*, 219 F.3d 261 (3d Cir.2000) (discussing failure to train in the
> context of municipality liability).

*Daniels v. Delaware*, 120 F. Supp. 2d 411, 423-24 (D. Del. 2000).

---

[17] Count II is an Eighth Amendment excessive force claim against Ferguson.  Ferguson has not moved to dismiss this claim.

Defendants contend that this count should be dismissed because the allegations set forth by Plaintiff "wholly fail to rise to the level of specificity needed to make a *prima facie* claim of failure to train or supervise." Defs.' Br. (ECF No. 23) at 10.  Plaintiff asserts that Defendants Zaken, Buzas, Dialesandro, Kennedy, and Switzer were all responsible for ensuring that Ferguson was properly trained on the use of force policy.[18] *See* Complaint (ECF No. 6) at ¶¶ 58, 61, 64, 68, and 69.  At this juncture, these allegations are adequate to state a claim for failure to train or supervise against these defendants. *See Wilson v. Gilmore*, 2015 WL 3866531, at *6 (W.D. Pa. June 22, 2015) (holding that under a similar set of circumstances, it "is inappropriate for the Court to determine at this juncture" whether a constitutional violation occurred).  Thus, the motion to dismiss on this basis is denied.

Plaintiff also makes a series of claims against these Defendants with respect to their failure to investigate and remedy the concerns about use of force raised by Plaintiff after this incident. However, it is well-settled that "[b]ecause a prisoner has no free-standing constitutional right to an effective grievance process [citation omitted], a prisoner cannot maintain a constitutional claim ... based upon [the prisoner's] perception that [the recipient of the grievances] ignored and/or failed to properly investigate his grievances." *Anderson v. Covine*, 2021 WL 7802848, at *4 (W.D. Pa. Nov. 10, 2021), report and recommendation adopted, 2022 WL 952852 (W.D. Pa. Mar. 30, 2022). Accordingly, the motion to dismiss on this basis is granted, and these allegations are dismissed with prejudice.

---

[18] Although Plaintiff includes this allegation against Switzer, *see* Complaint (ECF No. 6) at ¶ 69, Plaintiff has not named Switzer in Count III. *See id.* at ¶¶ 117-121.  Accordingly, Plaintiff may amend the Complaint to add Switzer to this Count should he choose to do so.  Moreover, Plaintiff does not make a supervisory or training claim at all against Juarez in the body of the Complaint. Accordingly, the motion to dismiss Count III against Juarez is granted; Juarez is dismissed as to Count III without prejudice, and Plaintiff may amend the complaint with respect to this claim and defendant.

C.  Count IV – Eighth Amendment Claim against Wetzel and Does 1-3

Plaintiff asserts an Eighth Amendment claim against Wetzel and Does 1-3.  *See* Complaint (ECF No. 6) at ¶¶ 122-124.  He states that these defendants "violated Plaintiff's right to be free from cruel and unusual punishment due to them being deliberately indifferent to the serious potential for harm that prolonged solitary confinement causes." *Id.* at ¶ 123.  Wetzel moves to dismiss this claim for lack of personal involvement. Defs.' Br. (ECF No. 23) at 5.

Generally speaking, it is Plaintiff's position that he has spent far too long, three years, on the RRL.  Our courts have had multiple opportunities to consider Eighth Amendment claims related to placement in administrative custody.

> In order to state an Eighth Amendment claim, a plaintiff must establish both that he has been denied "the minimal civilized measure of life's necessities" and that defendants had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To violate the Eighth Amendment's prohibition of cruel and unusual punishment, conditions cited by an inmate must be "objectively, sufficiently serious [and] must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal citation and quotation omitted). Only "extreme deprivations" are sufficient to make out a conditions of confinement claim. *Hudson v. McMillen*, 503 U.S. 1, 8-9 (1992). A plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Although a combination of confinement conditions—considered alone constitutionally insufficient—may present an Eighth Amendment violation, they nevertheless must cumulatively produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (identifying the denial of basic human needs as "food, clothing, shelter, sanitation, medical care and personal safety").
>
> In applying this test, the Supreme Court acknowledges that the Eighth Amendment does not mandate that prisons be free of discomfort. *Hudson*, 503 U.S. at 9. Placement in administrative segregation, alone, is insufficient to constitute cruel and unusual punishment. *See Gibson v. Lynch*, 652 F.2d 348, 352 (3d Cir. 1981), cert. denied, 462 U.S. 1137 (1983) ("administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment"). In assessing whether an inmate's placement in segregation violates the Eighth Amendment, courts must look to the "duration and conditions of segregated confinement" and the "touchstone is the health of the inmate." *Young v.*

*Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992), superseded on other grounds by statute,
Prison Litigation Reform Act, 42 U.S.C. § 1997, et seq.

*Young v. Ferguson*, 2020 WL 1505683, at *6-7 (M.D. Pa. Mar. 30, 2020), aff'd, 830 F. App'x 375

(3d Cir. 2020).

Here, Plaintiff asserts that he has been in administrative custody for three years and there

is no end in sight. Complaint (ECF No. 6) at ¶ 83.  During this time, it is his position that, *inter*

*alia*, he has not had "physical contact with any of his supporters in over 4 years;" "he fears losing

his current fiancé;" he has had no access to programs to address his rehabilitative needs; he cannot

be granted parole unless he is removed from the RRL; he has experienced "muscle weakness and

joint pain" due to his lack of access to exercise equipment; he has had inadequate mental health

treatment; he is only permitted three showers per week; and he cannot properly groom himself.

*See id*. at ¶ 93.

As discussed supra, it is well-settled that "confinement in restrictive housing conditions,

without more, does not violate the Eighth Amendment." *Walker v. Campbell*, 2010 WL 2891488,

at *4 (W.D. Pa. May 4, 2010), report and recommendation adopted, 2010 WL 2884701 (W.D. Pa.

July 20, 2010).  However, Plaintiff has alleged specific conditions which, when viewed in the light

most favorable to Plaintiff, may demonstrate "a combination of confinement conditions" which

"may present an Eighth Amendment violation" cumulatively. *Gans v. Rozum*, 2007 WL 2571527,

at *4 (W.D. Pa. Aug. 31, 2007), aff'd, 267 F. App'x 178 (3d Cir. 2008). *See also Clark v. Coupe*,

No. 21-2310, 2022 WL 17246324, at *11 (3d Cir. Nov. 28, 2022) ("This Court has long held that

allegations of inflicting a serious mental injury are sufficient to state a claim under the Eighth

Amendment.").

Having concluded that Plaintiff has indeed established the potential for an Eighth

Amendment violation, this Court now considers whether Wetzel is a proper Defendant for that

claim.  It is Wetzel's position that the claims against him are speculative.  Defs.' Br. (ECF No. 23) at 5.  However, our Courts have regularly held that Secretary Wetzel is "the only defendant with authority to remove [a prisoner] from the RRL." *Johnson v. Wetzel*, 209 F. Supp. 3d 766, 779 (M.D. Pa. 2016).  Accordingly, at this stage of proceedings, Plaintiff is entitled to additional discovery about Wetzel's role.  Thus, Defendant Wetzel's motion to dismiss Count IV is denied.[19]

D.   Count V – Eighth Amendment Claim Against Stewart

According to Plaintiff, Defendant Stewart violated Plaintiff's Eighth Amendment rights when he failed to intervene in Ferguson's assault on Smith and then again failed to intervene in the assault on Plaintiff with the OC spray. Complaint (ECF No. 6) at ¶ 126.  Stewart moves to dismiss this claim because Plaintiff "has failed to plead facts sufficient to show that Defendant Stewart was aware of a risk of substantial harm, and that he had an opportunity to intervene even if he was aware of the risk." Defs.' Br. (ECF No. 23) at 12.

A "corrections officers may be liable under § 1983 for failing to intervene in an instance of excessive force if they had a reasonable opportunity to do so. A valid failure to intervene claim requires: (1) the officer had a duty to intervene; (2) the officer had the opportunity to intervene; and (3) the officer failed to intervene." *Leaphart v. Campbell*, 2022 WL 1158255, at *7 (M.D. Pa. Apr. 19, 2022).

Here, Plaintiff alleges that Defendant Stewart "simply watched" Defendant Ferguson assault Plaintiff "while laughing." Complaint (ECF No. 6) at ¶ 126.  At this stage of proceedings, it is appropriate to permit Plaintiff to conduct discovery to establish what Stewart may have seen,

---

[19] Because Wetzel is the only individual with authority to remove Plaintiff from the RRL, this Court dismisses Does 1-3 with respect to this claim.  Moreover, in his claim for relief, Plaintiff is seeking injunctive relief against Wetzel. *See* Complaint (ECF No. 6) at 31. Such a claim implicates Wetzel's official capacity, and therefore, Acting Secretary Little shall be substituted for the injunctive-relief portion of that claim only.

and where he was at the time Ferguson utilized the OC Spray on Plaintiff. Accordingly, Defendant Stewart's motion to dismiss this claim is denied.

### E.   Count VI – Fourteenth Amendment

Plaintiff next several Fourteenth Amendment claims against numerous defendants. This Court will address each.

#### 1.   *Due Process Claim against Hintemeyer, Buzas, and Zaken*

Plaintiff asserts that Hintemeyer, Buzsas, and Zaken "violated Plainitff's right to due process when they either failed to investigate his sexual harassment claims against Juarez or failed to properly process his claims." Complaint (ECF No. 6) at ¶ 129. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law." *Haynes v. Leach*, 2022 WL 4542096, at *4 (E.D. Pa. Sept. 28, 2022). It is well settled that "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Id*. at *3. Thus, to the extent Plaintiff is claiming that any complaints he made or grievances he filed against Juarez were not properly investigated or adjudicated, those claims do not give rise to a constitutional violation. *See Rosado v. Bell*, 2020 WL 5608641, at *5 (M.D. Pa. Sept. 18, 2020) ("[I]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a 1983 claim.") (internal quotation marks omitted). Accordingly, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claim against Hintenmeyer, Buzas, and Zaken is granted, and this claim is dismissed with prejudice.

#### 2.   *Due Process Claim against Wetzel and Does 1-3 (RRL)*

Plaintiff asserts that Wetzel and Does 1-3 "violated Plaintiff's right to due process when they initially placed him on [the] RRL and then continued said status." Complaint (ECF No. 6) at ¶ 130.  Specifically, Plaintiff has asserted Fourteenth Amendment substantive[20] and procedural due process claims against Defendants Wetzel and Does 1-3 with respect to his initial and continued placement on RRL status. *Id.*  Wetzel contends that these claims should be dismissed.

"To establish a liberty interest under the Fourteenth Amendment in a challenge to the conditions of confinement, the right alleged must confer freedom from restraint which ... imposes *atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life." *Johnson v. Pennsylvania Dep't of Corr.*, 846 F. App'x 123, 127 (3d Cir. 2021) (internal quotation marks omitted; emphasis in original).  "In deciding whether a protected liberty interest exists [], we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." *Mitchell*, 318 F.3d at 532.

Here, Plaintiff avers that he has been subject to administrative custody for three years. Precedent is clear that being subject to administrative custody for eight years implicates a liberty interest. *See Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).  However, "[c]ourts have routinely held that periods of disciplinary confinement of up to fifteen months do not implicate due process concerns." *Naranjo v. Ivcic*, 2022 WL 875927, at *7 (W.D. Pa. Mar. 2, 2022), report and recommendation adopted sub nom. *Naranjo v. Ivcic*, 2022 WL 874304 (W.D. Pa. Mar. 24, 2022). Here, because the length of time that Plaintiff has been in administrative custody exceeds fifteen

---

[20] "The substantive component of the Due Process Clause protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020) (internal quotation marks omitted).  However, the Third Circuit has held that a plaintiff "cannot bring a separate substantive due process claim [where] his Eighth Amendment claim covers the same allegations under the more-specific-provision rule." *Id.*  Accordingly, Plaintiff's Fourteenth Amendment substantive due process claim related to his conditions of confinement is dismissed with prejudice.

months, and there does not appear to be any end in sight, this Court concludes that Plaintiff has established a liberty interest at this juncture.

         *a.  Initial Placement on the RRL*

Plaintiff first challenges his initial placement on the RRL. *See* Complaint (ECF No. 6) at ¶ 130.  However, the Complaint is devoid of any facts as to why Plaintiff was placed on the RRL in the first place or whether he was informed about why this occurred.  Accordingly, Wetzel's motion to dismiss is granted, this claim is dismissed without prejudice, and Plaintiff is permitted to amend his complaint to state facts that support his claim that his initial placement on the RRL violated due process.

         *b.  Continued Placement on the RRL*

With respect to continued or prolonged placement on RRL status, "the Third Circuit has held that 'an 'informal, nonadversary review' at which the prisoner has the opportunity to state his views, satisfies the requirements of due process.' *Shoats*, 213 F.3d at 144 (8 years RRL detention). In this setting 'the periodic reviews conducted by the PRC ... comport with the minimum constitutional standards for due process.' *Id*. at 147. *See Washington–El*, 562 F. App'x at 63; *Booze* [*v. Wetzel*,] 2015 WL 5173937, at *7 [(M.D. Pa. 2015)]." *Bramble v. Wetzel*, 2022 WL 55021, at *9 (M.D. Pa. Jan. 5, 2022), appeal dismissed, 2022 WL 3031595 (3d Cir. Mar. 23, 2022).

Here, Plaintiff asserts that he has been on the RRL "for several years without ever providing him the opportunity to refute the allegations against him or appeal said status." Complaint (ECF No. 6) at ¶ 130.  Accordingly, Wetzel's motion to dismiss this claim is denied.

     *3.  Due Process Claim against Wetzel and Does 1-3 (Access to Rehabilitation)*

Plaintiff asserts that Wetzel and Does 1-3 "discriminated against Plaintiff by denying him adequate access to rehabilitative and mental health programs and treatment due to his RRL status."

Complaint (ECF No. 6) at ¶ 131.  It is not clear how this claim by Plaintiff is any different than his Eighth Amendment claim or his other Fourteenth Amendment claim regarding his continued placement on RRL status.  Accordingly, this claim is dismissed with prejudice.

       *4.  Due Process Claims against Ferguson and Juarez – Use of Force*

       Plaintiff next contends that both Ferguson and Juarez violated Plaintiff's due process rights when they utilized excessive force against him. Complaint (ECF No. 6) at ¶¶ 132, 133.  Although neither Ferguson nor Jurarez contend that these claims should be dismissed, it is well settled that "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).  Accordingly, both Fourteenth Amendment claims against Ferguson and Juarez are dismissed with prejudice.

       *5.  Due Process Claim against Zaken, Buzas, Dialesandro, Hintenmeyer, Switzer, and Kennedy*

       Plaintiff asserts that Defendants Zaken, Buzas, Dialesandro, Hintenmeyer, Switzer, and Kennedy "violated Plaintiff's due process rights" for failing to contact state police about the conduct of Ferguson and Juarez. Complaint (ECF No. 6) at ¶ 134.  However, as discussed *supra*, "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." *Brooks*, 204 F.3d at 106.  Accordingly, the Fourteenth Amendment claim against Defendants Zaken, Buzas, Dialesandro, Hintemeyer, Switzer, and Kennedy is dismissed with prejudice.

       F.  <u>Count VIII - IIED</u>[21]

---

[21] Defendant Ferguson has not moved to dismiss Count VII – Assault and Battery.

Plaintiff asserts two separate IIED claims.  First, he claims that Defendants Wetzel and Does 1-3 intentionally inflicted emotional distress on Plaintiff when they "placed and continued Plaintiff on RRL status for several years knowing the potential for serious harm." Complaint (ECF No. 6) at ¶ 140.   Plaintiff also asserts that Defendants Buzas, Zaken, Dialesandro, Juarez, Hintenmeyer, Stewart, and Ferguson inflicted emotional distress "when they either tried to circumvent or ignore the sexual harassment of Juarez, assault by Ferguson, [and] the investigation of both." *Id.* at ¶ 141.

"There is no constitutional claim for Intentional Infliction of Emotional Distress. Such a claim can survive only if it is cognizable under state law. The Third Circuit has predicted that the Pennsylvania Supreme Court will ultimately recognize such a theory. *Pavlik v. Lane Limited/Tobacco Exporters International*, 135 F.3d 876 (3d Cir.1998)."  *Kelly v. Jones*, 148 F. Supp. 3d 395, 405 (E.D. Pa. 2015), order vacated in part, No. 14-CV-4317, 2015 WL 5144187 (E.D. Pa. May 13, 2015), and order reinstated, No. CV 14-4317, 2015 WL 7574348 (E.D. Pa. Nov. 24, 2015).

> The Superior Court has accurately summarized the Pennsylvania decisions as follows:
>
>> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society. It has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.
>
> *Reardon v. Allegheny College*, 926 A.2d 477, 488 (Pa.Super.Ct.2007).

*Id.*

With respect to Plaintiff's claim against Wetzel and Does 1-3, Plaintiff has not set forth any specific claims of animus or malice against these Defendants that rise to the level necessary to maintain an IIED claim. Accordingly, the IIED claim against Defendant Wetzel is dismissed without prejudice. Similarly, Plaintiff has not asserted adequate allegations against Defendants Buzas, Zaken, Dialesandro, Hintenmeyer, and Stewart. Moreover, the remaining allegations against these defendants implicate the failure to adequately train or supervise. Accordingly, there is no basis to permit Plaintiff to amend the complaint against these defendants, so the IIED claim against these Defendants is dismissed with prejudice. However, the remaining claims against both Ferguson and Juarez implicate the potential for malice. Thus, these claims will be dismissed without prejudice against these Defendants, and Plaintiff is permitted to amend the complaint.

G. Count IX – Conspiracy

Plaintiff asserts four separate civil conspiracy claims. *See* Complaint (ECF No. 6) at ¶¶ 144-147. "To state a cause of action for civil conspiracy under Pennsylvania law, plaintiff must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Slater v. Susquehanna Cnty.*, 613 F. Supp. 2d 653, 667-68 (M.D. Pa. 2009), aff'd, 465 F. App'x 132 (3d Cir. 2012)

> Pennsylvania law requires a plaintiff asserting a claim for civil conspiracy to aver "material facts which will either directly or inferentially establish [the] elements of conspiracy." *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa. Commw. Ct. 2003) (citation omitted). Mere conclusory allegations stating that there was a "conspiracy" or "an agreement to act unlawfully" will not suffice. *See id.*; *see also Brown v. Everett Cash Mut. Ins. Co.*, 157 A.3d 958, 967-68 (Pa. Super. Ct. 2017) (explaining that "bald assertions of conspiracy are insufficient to properly plead civil conspiracy; [a] plaintiff must set forth facts supporting [the] existence of a conspiracy that would suggest [a] common plan or scheme" to act unlawfully (citation omitted)).

*Bennett v. Cnty. of Lycoming*, 2022 WL 4079622, at *3 (M.D. Pa. Sept. 6, 2022).

First, Plaintiff claims that Ferguson and Stewart conspired "to use excessive for on inmate Smith which resulted in force also being [used] against Plaintiff." Complaint (ECF No. 6) at ¶ 144. At this stage of proceedings, Plaintiff is entitled to discovery as to what occurred that resulted in the actions of Ferguson and Stewart, and therefore the motion to dismiss on this basis is denied.

Plaintiff next asserts that Defendant Juarez "and others conspired to attempt to cover up what Defendants Ferguson and Stewart did." *Id*. at ¶ 145.  In addition, Plaintiff asserts that Defendants Zaken, Buzas, Dialesandro, Kennedy, Switzer, and Hintenmeyer "conspired to either air the cover of up Defendant Juarez's sexual harassment or to aid the cover up of Defendant Ferguson's unauthorized use of force." *Id*. at ¶ 146.  Finally, Plaintiff claims that Defendants Wetzel and Does 1-3 "conspired to officially oppress Plaintiff with prolonged confinement." *Id*. at ¶ 147.  All of these allegations amount to nothing more than conclusory allegations that there was a conspiracy perpetrated by these individuals.  Accordingly, Defendants' motion to dismiss is granted with respect to Defendants Wetzel, Juarez, Zaken, Buzas, Dialesandro, Kennedy, Switzer, and Hintemeyer; the claims are dismissed without prejudice; and Plaintiff is granted leave to amend his complaint.

H.  Count X – Negligence

Plaintiff asserts three separate negligence claims against Defendants. *See* Complaint (ECF No. 6) at ¶¶ 150-152.  "In order to prevail on a cause of action in negligence under Pennsylvania law, a plaintiff must establish: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1366 (3d Cir. 1993).

Plaintiff first asserts that Defendants Wetzel and Does 1-3 "were negligent when they failed to use reasonable care, promoted the dangerous use of prolonged or indefinite solitary confinement against Plaintiff, when they knew of the potential for serious harm risk to both physical and mental health but they did it anyway."[22] Complaint (ECF No. 6) at ¶ 150.  Plaintiff's claim does not state facts at this juncture that give rise to a negligence claim.  Plaintiff makes general allegations that he has been deprived of his rights in a negligent manner, but does not set forth how Wetzel or Does 1-3 violated those rights.  Accordingly, Wetzel's motion to dismiss is granted, and Plaintiff's negligence claim against Wetzel is dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons the motions to dismiss filed by Defendants (ECF Nos. 22 and 44) are granted in part and denied in part. Defendants' motion to dismiss is denied as to Count I; Count III (failure to train and supervise for Zaken, Buzas, Dialesandro, Kennedy); Count IV (Wetzel); Count V; Count VI (procedural due process for continued placement on the RRL against Wetzel); and Count IX (Ferguson, Stewart). Defendants' motion to dismiss is granted as to the following and the claims are dismissed with prejudice: Count III (failure to investigate); Count IV (Does 1-3); Count VI (procedural due process claims against Hintemeyer, Buzas, Zaken, Ferguson, Juarez, Dialesandro, Switzer, and Kennedy); Count VI (substantive due process); Count VI (procedural due process against Wetzel for denial of access to rehabilitative services); and Count VIII (against Buzas, Zaken, Dialesandro, Hintemeyer, Stewart).  Finally, Defendants' motion to dismiss is granted and the following claims are dismissed without prejudice: Count III (failure to

---

[22] Plaintiff also asserts that Defendants Zaken, Buzas, Dialesandro, Kennedy, Switzer and Hintemeyer "were negligent" by failing to train and supervise Ferguson and Juarez. Complaint (ECF No. 6) at ¶ 151.  Plaintiff further asserts that Defendants Ferguson and Stewart were both negligent in assaulting Plaintiff and failing to intervene. Complaint (ECF No. 6) at ¶ 152. Defendants have not moved to dismiss these claims.

train and supervise against Juarez); Count VI (procedural due process against Wetzel for initial placement on the RRL); Count VIII (Wetzel, Ferguson, Juarez); Count IX (Wetzel, Juarez, Zaken, Buzas, Dialesandro, Kennedy, Switzer, Hintemeyer); and Count X (Wetzel).

An appropriate Order follows.

Dated: November 30, 2022                              BY THE COURT:

                                                      s/Cynthia Reed Eddy
                                                      Cynthia Reed Eddy
                                                      Chief United States Magistrate Judge

cc:     DERYK L. MORRIS
        JE-6045
        SCI Greene
        169 Progress Drive
        Waynesburg, PA 15370
        (via U.S. First Class mail)

        Counsel of record
        (via ECF electronic notification)